UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRYSTAL RICHARD,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1701** |
| **SOCIAL SECURITY ADMINISTRATION,**<br>    Defendant | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Michael North.[1] On November 3, 2024, Plaintiff Crystal Richard ("Plaintiff") filed a Brief in Support of Summary Judgment.[2] On January 16, 2025, the Acting Commissioner of the Social Security Administration (the "Commissioner") filed a brief in opposition.[3] On January 30, 2025, Plaintiff filed a reply brief.[4]

## BACKGROUND

Plaintiff seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act"), of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Act and Supplemental Security Income ("SSI") under Title XVI of the Act.[5]

Plaintiff is a 44-year-old woman with past work experience as an assistant manager and team leader at a fast-food restaurant, a cashier at a casino, a customer service

---

[1] R. Doc. 14. This Order refers to documents on this Court's CM/ECF docket as "R. Doc. [#]" and refers to the administrative record as "Tr." The administrative record is located on the CM/ECF docket as Documents 6, 6-1, 6-2, and 6-3.
[2] R. Doc. 9.
[3] R. Doc. 12.
[4] R. Doc. 13.
[5] R. Doc. 1.

1

manager at Walmart, and a worker at a rice mill.[6] On December 11, 2023, she filed an application for DIB and SSI alleging disability that began on November 14, 2016.[7] Plaintiff alleges she suffered from bipolar disorder, depression, panic disorder with agoraphobia, diabetes type 2, non-alcoholic fatty liver disease, and high blood pressure.[8]

The agency denied Plaintiff's DIB and SSI applications on March 22, 2022,[9] and denied the applications again upon reconsideration on October 13, 2022.[10] Plaintiff submitted her written request for hearing on February 1, 2022,[11] after which Administrative Law Judge ("ALJ") Michael Hertzig held a hearing on August 22, 2023.[12] Plaintiff, represented by counsel, testified at the hearing.[13] A vocational expert also testified.[14]

On November 2, 2023, the ALJ denied Plaintiff's applications for benefits.[15] In relevant part, "[a]fter careful consideration of the entire record,"[16] the ALJ found "the claimant's physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities. Thus, the claimant does not have a severe impairment or combination of impairments.[17]

---

[6] Tr. at pp. 166, 193-94.
[7] *Id.* at pp. 166-69, 173-177.
[8] *Id.* at p. 192.
[9] *Id.* at pp. 72-75.
[10] *Id.* at pp. 84-85.
[11] *Id.* at p. 70.
[12] *Id.* at pp. 29-55.
[13] *Id.*
[14] *Id.*
[15] *Id.* at pp. 12-24.
[16] *Id.* at p. 21.
[17] *Id.* at p. 23.

Plaintiff sought Appeals Council review, and the Appeals Council denied her request for review on May 3, 2024.[18] That denial rendered the ALJ's decision the final decision of the Commissioner for purposes of this Court's review.[19]

Plaintiff then filed this action for review of the Commissioner's decision under the Act on July 6, 2024,[20] and the Commissioner answered on September 4, 2024.[21] "Pursuant to Rule 5 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) . . . , an action for review of a final decision of the Commissioner is initiated with a complaint and 'presented for decision by the parties' briefs.'"[22] The briefing "may, but need not, take the form of motions for summary judgment."[23] No matter the styling of the briefing, "the Court must determine whether to render judgment in favor of plaintiff and reverse or remand the case to the SSA, or dismiss plaintiff's complaint and affirm the Commissioner's decision under" the Act.[24]

Plaintiff filed her "Brief in Support of Summary Judgment" on November 3, 2024,[25] the Commissioner filed a response in opposition on January 16, 2025,[26] and Plaintiff filed a reply on January 30, 2025.[27] The pleadings were referred to the magistrate judge, who issued his Report and Recommendation on April 3, 2025, recommending that Plaintiff's Brief be rejected and her complaint be dismissed with prejudice.[28] Plaintiff filed an objection to the Report and Recommendation on April 17, 2025.[29]

---

[18] *Id.* at pp. 1-3.
[19] *Id.*
[20] R. Doc. 1.
[21] R. Doc. 5.
[22] *Muhleisen v. Soc. Sec. Admin.*, No. 23-1064, 2024 WL 139525, at *2 (E.D. La. Jan. 12, 2024).
[23] *Id.* (citing *Higginbotham v. Barnhart*, 163 Fed. App'x 279, 281 (5th Cir. 2006)).
[24] *Id.* (citing Rule 5 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g)).
[25] R. Doc. 9.
[26] R. Doc. 12.
[27] R. Doc. 13.
[28] R. Doc. 14.
[29] R. Doc. 15.

## **LEGAL STANDARD**

In reviewing the magistrate judge's Report and Recommendation, the Court must review *de novo* any of the magistrate judge's conclusions to which a party has specifically objected.[30] The Court needs only to review the portions of the report to which there are no objections to determine whether they are clearly erroneous or contrary to law.[31]

"The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review that the magistrate judge applies to the Commissioner of Social Security's decision regarding benefits."[32] The Court's function on judicial review of the final decision of the Commissioner is limited to determining whether the Commissioner's decision is supported by "substantial evidence" and whether the Commissioner applied the correct legal standard to evaluate the evidence.[33] Substantial evidence is more than "a mere scintilla," but less than a preponderance.[34] This Court may not re-weigh the evidence, try the issues de novo, or substitute its judgment for the Commissioner's.[35] The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[36] "'[N]o substantial evidence' will be found only where there is a 'conspicuous absence of credible [evidentiary] choices' or 'no contrary medical evidence.'"[37]

---

[30] *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[31] *Id.*
[32] *Muhleisen*, 2024 WL 139525, at *4.
[33] *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).
[34] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).
[35] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).
[36] *See Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992).
[37] *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164).

**LAW AND ANALYSIS**

An SSI or DIB claimant bears the burden of proving that he suffers from a disability.[38] "The law and regulations governing the determination of disability are the same for both disability insurance benefits and [supplemental security income]."[39] A person suffers from a disability, as defined in the Act, if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[40] If a claimant carries her initial burden of proving that he is disabled, the burden shifts to the Commissioner to establish that the claimant is capable of performing substantial gainful activity and is, therefore, not disabled.[41]

In determining whether the claimant suffers from a "disability," as defined in the Act, the Commissioner uses the five-step sequential analysis set forth in 20 C.F.R. §§404.1520 and 416.920, as follows:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings;

2. An individual who does not have a "severe impairment" will not be found to be disabled;

3. An individual who meets or equals a listed impairment in Appendix 1 of the Regulations will be considered disabled without consideration of vocational factors;

4. If an individual is capable of performing the work that he has done in the past, a finding of "not disabled" must be made;

5. If an individual's impairment precludes him from performing her past work, other factors, including age, education, past work experience, and

---

[38] *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).
[39] *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)
[40] 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).
[41] *Harrell*, 862 F.2d at 475.

> residual functional capacity, must be considered to determine if other work can be performed.[42]

At steps one through four, if the Commissioner determines the claimant is or is not disabled (depending on the step), the ultimate decision regarding disability is reached, and there is no need to proceed to the next step.[43] If, however, the Commissioner makes it to step five without conclusively determining whether the claimant is disabled or not, the Commissioner must "show that the claimant can perform other substantial work in the national economy," for a finding of not disabled to be appropriate.[44]

In this case, the ALJ made it to step two and found, "the claimant does not have a severe impairment or combination of impairments."[45] The ALJ, therefore, found the Plaintiff not disabled, and denied her applications for benefits under Titles II and XVI.[46] The magistrate judge recommends the Court affirm the decision of the ALJ.[47]

Plaintiff raises two objections.[48] Plaintiff's objections are (1) "The Commissioner erred by finding that [Plaintiff]'s impairments were not severe" and (2) "The Commissioner failed to evaluate psychiatric treatment records when considering the severity of [Plaintiff]'s mental impairments."[49]

### I. The ALJ Decision

The ALJ began his analysis of whether Plaintiff is disabled by finding that Plaintiff's medically determinable impairments are inflammatory bowel disease ("IBS"), diabetes mellitus, hyperlipidemia, obesity, hypertension, disorders of the female genital

---

[42] *See* 20 C.F.R. §§404.1520(a)(4) and 416.920(a)(4).
[43] *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021).
[44] *See* 20 C.F.R. §§404.1520(g) and 416.920(g).
[45] Tr. at pp. 18-24.
[46] *Id.*
[47] R. Doc. 14.
[48] R. Doc. 15.
[49] *Id.* at pp. 6-17.

6

organs, hemolytic anemias, sleep apnea, depression, and anxiety.[50] In his analysis, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p."[51] The ALJ summarized the symptoms Plaintiff described during her hearing, including: spending large amounts of time in the bathroom; dizziness, weakness, and nausea if Plaintiff's blood sugar is high; anxiety; loss of temper; panic attacks; and daytime sleepiness.[52]

The ALJ reviewed the record evidence regarding Plaintiff's physical impairments.[53] As to Plaintiff's diabetes, anemia, and hypertension, the ALJ referenced the notes of Thomas Bambrick's, M.D. ("Dr. Bambrick"), to show that all three were controlled by medication.[54] Dr. Bambrick stated Plaintiff's "medical conditions are all currently well controlled."[55] Nurse Practitioner Shelly Williams agreed with Dr. Bambrick's conclusion that Plaintiff's hypertension was controlled by medication.[56]

The ALJ then turned to Plaintiff's mental impairments. Plaintiff "denied depression and anxiety on December 19, 2018, September 11, 2019, [and] December 15, 2020."[57] On November 16, 2021, Plaintiff underwent a consultative psychological evaluation with S. Webb Sentell, Ph.D. ("Dr. Sentell"). Dr. Sentell diagnosed Plaintiff with unspecified bipolar and related disorder, panic disorder, history of sexual abuse in childhood, and ruled out post-traumatic stress disorder.[58]

---

[50] Tr. at pp. 17-18.
[51] *Id.* at p. 20.
[52] *Id.* at pp. 19, 39, 43-44, 46-48, 50-52.
[53] *Id.* at pp. 19-21.
[54] *Id.* at pp. 20-21, 23, 513, 516, 579-80.
[55] *Id.* at p. 580.
[56] *Id.* at p. 478.
[57] *Id.* at pp. 21, 471, 476, 557, 562, 610.
[58] *Id.* at pp. 21, 623.

Following review of the evidence, the ALJ determined that "the claimant's statements about the intensity, persistence, and limiting effects of her symptoms . . . are inconsistent because the evidence . . . documents treatment for the impairments, but does not support more than minimal limitation from any of the impairments."[59] Additionally, the ALJ found "[t]he conclusion that the claimant does not have an impairment or combination of impairments that significantly limits her ability to perform basic work activities" to be "consistent with the objective medical evidence and other evidence."[60]

Because Plaintiff had medically determinable mental impairments, the ALJ considered the four areas of mental functioning.[61] The ALJ found no limitation or mild limitation in all four areas.[62] To reach these findings, the ALJ relied heavily upon Dr. Sentell's consultative psychological evaluation report.[63] The ALJ explained his finding on each area of mental functioning and explained how he agreed and disagreed with Dr. Sentell and whether Dr. Sentell's report comported with the overall evidence of record.[64]

The ALJ finished his analysis by reviewing the opinions of the State agency consultants.[65] Emily Eisenhauer, M.D. ("Dr. Eisenhauer") and Susan Yoshida, M.D. ("Dr. Yoshida"), found no severe physical impairments.[66] Margaret Hauck, Ph.D. ("Dr. Hauck"), and Lisette Constantin, Ph.D. ("Dr. Constantin"), "found that the evidence indicates that the claimant has no more than minimal limitation and non-severe mental impairments."[67] Each of Drs. Eisenhauer, Yoshida, Hauck, and Constantin reviewed Dr. Sentell's report

---

[59] *Id.* at p. 22.
[60] *Id.*
[61] *See* 20 C.F.R. § 404.1520a(c); *see also Garcia v. Berryhill*, 880 F.3d 700 (5th Cir. 2018).
[62] Tr. at pp. 22-23.
[63] *Id.*
[64] *Id.*
[65] *Id.* at p. 23.
[66] *Id.* at pp. 23, 60, 66.
[67] *Id.* at pp. 23, 60-61, 66.

8

and records from Plaquemines Parish Medical Center, which employed John H. Wells, M.D. ("Dr. Wells").[68] The ALJ found "the State agency consultants' opinions persuasive because they are supported by the findings reviewed and consistent with the developed record that does not show more than minimal limitation."[69] Thus, the ALJ determined that the claimant does not have a severe impairment or combination of impairments and, as a result, that Plaintiff is not disabled.[70]

## II. Plaintiff's Objections

Plaintiff frames her objections as:

(1) The Commissioner erred by finding that Plaintiff's impairments were not severe; and

(2) The Commissioner failed to evaluate psychiatric treatment records when considering the severity of Plaintiff's mental impairments.[71]

With respect to Plaintiff's objections to the magistrate judge's conclusions, Plaintiff broadly objects to the magistrate judge's finding that substantial evidence supports the ALJ's finding that Plaintiff's impairments are not severe.[72] More specifically, Plaintiff objects to the magistrate judge's finding that Plaintiff's hearing testimony conflicted with symptoms listed in her treatment notes.[73] Plaintiff also objects to the magistrate judge's conclusion that the ALJ adequately considered the record evidence in reaching his decision.[74]

---

[68] *Id.* at pp. 58-61, 64-66.
[69] *Id.* at p. 23.
[70] *Id.* at pp. 18-24.
[71] R. Doc. 15.
[72] *Id.* at p. 11.
[73] *Id.* at pp. 7-9.
[74] *Id.* at pp. 14-15.

### III. The ALJ's finding that Plaintiff's impairments are not severe is supported by substantial evidence.

First, the Court will address the magistrate judge's conclusion that substantial evidence supports the ALJ's finding that Plaintiff's impairments are not severe. A severe impairment or combination of impairments is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities."[75] The United States Court of Appeals for the Fifth Circuit has explained that an "impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."[76] Accordingly, to establish a severe impairment, Plaintiff need only make a "de minimis" showing that her impairment is severe enough to interfere with her ability to do work.[77] However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision."[78]

The magistrate judge concluded that substantial evidence supports the ALJ's decision.[79] The magistrate judge determined that "[w]hile the ALJ did not specifically discuss every piece of evidence, the ALJ sufficiently considered and discussed the evidence as a whole."[80] The Court agrees.

In his decision, the ALJ articulated why he found that Plaintiff's impairments are not severe and cited the evidence pertinent to his finding. The ALJ listed Plaintiff's

---

[75] 20 C.F.R. § 404.1520(c).
[76] *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).
[77] *Anthony v. Sullivan*, 954 F.2d 289, 294 n.5 (5th Cir. 1992).
[78] *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)).
[79] R. Doc. 14 at pp. 11-12.
[80] *Id.* at p. 11 (citing *Heck v. Colvin*, 674 Fed. App'x 411, 415 (5th Cir. 2017) (per curiam)).

10

impairments and the corresponding symptoms that Plaintiff complained of at her hearing and then detailed the medical evidence in the record.[81] A comparison of the two led the ALJ to find inconsistencies.[82] The ALJ stated that Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms . . . are inconsistent because the evidence . . . documents treatment for the impairments, but does not support more than minimal limitation from any of the impairments."[83] Moreover, the ALJ acknowledged that Dr. Bambrick's notes show that Plaintiff's impairments are controlled by medication.[84]

Under these circumstances, the ALJ's decision must be upheld. The Fifth Circuit has held an ALJ decision to be supported by substantial evidence in a case in which "[t]he ALJ concluded that several of the symptoms allegedly plaguing [the plaintiff] were not consistent with the objective medical evidence," much like the ALJ decision in this case.[85] Indeed, "subjective evidence need not be credited over conflicting medical evidence."[86] Regarding Dr. Bambrick's finding that Plaintiff's conditions are "well controlled,"[87] medical conditions controlled by medication are not disabling.[88] These two points support the ALJ's reasoning and the strength of his decision.

---

[81] Tr. at pp. 19-23.
[82] *Id.*
[83] *Id.* at p. 22.
[84] *Id.* at pp. 20-21.
[85] *Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (citing *Anthony*, 954 F.2d at 294); *see also James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986) (citing *Dellolio v. Heckler*, 705 F.2d 123, 127 (5th Cir. 1983)) ("The ALJ expressly noted in his opinion that his decision regarding disability could not be based on objective medical facts alone. He also found that James' subjective complaints were not supported by the medical evidence to the degree alleged. James interprets the ALJ's last statement to mean that the ALJ failed to consider the subjective complaints. This is not the case. The ALJ considered James' complaints and found the claims not to be as debilitating as James asserts before this Court. The ALJ's findings regarding the debilitating effect of the subjective complaints are entitled to considerable judicial deference.").
[86] *Anthony*, 954 F.2d at 294 (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)).
[87] Tr. at pp. 579-80.
[88] *See James*, 793 F.2d at 706 (citing *Barajas v. Heckler*, 738 F.2d 641, 644 (5th Cir. 1984)) ("When the record indicates that hypertension can be controlled with medication, the hypertension is not disabling.");

All in all, the ALJ weighed the evidence and concluded that Plaintiff's impairments are not severe. This Court's role is not to re-weigh the evidence. Although the ALJ did not discuss every piece of evidence in the expansive 1,695 page record, the ALJ did, as evidenced by his written decision,[89] analyze the record and highlight those pieces of evidence in the record that he found most persuasive.[90] Accordingly, substantial evidence supports the ALJ's finding that Plaintiff's impairments are not severe.

In her objection, Plaintiff argues the ALJ committed reversible error by failing to discuss certain evidence and failing to explain his reasoning.[91] Plaintiff argues her testimony was consistent with the objective medical evidence.[92] However, the Plaintiff's arguments exact too high a level of scrutiny on the ALJ and feature a noticeable lack of case citations.[93] The ALJ described Plaintiff's subjective complaints and, after reviewing the objective evidence, found that the subjective complaints did not align with the objective evidence.[94] In other words, "the ALJ performed [his] role of weighing conflicting evidence and resolving the conflict."[95] The ALJ also stated the opinions he found persuasive and stated that these opinions were persuasive because they were consistent with the evidence the ALJ reviewed.[96]

---

*see also Daigle v. Kijakazi*, No. 21-764, 2022 WL 16848786, at *8 (E.D. La. July 8, 2022) (first citing *Fraga v. Bowen*, 810 F.2d 1296, 1305 n.11 (5th Cir. 1987); then *James*, 793 F.2d at 706; and then *Barajas*, 738 F.2d at 644), *R. & R. adopted sub nom.*, 2022 WL 16848785 (E.D. La. Oct. 14, 2022).
[89] Tr. at p. 17 ("After careful consideration of the entire record, the undersigned makes the following findings . . . .").
[90] *Daniels v. Colvin*, No. 13-6408, 2014 WL 4186785, at *9 (E.D. La. Aug. 22, 2014) (citing *Giles v. Astrue*, 433 Fed. App'x 241, 251 (5th Cir. 2011)) ("The ALJ is not required to discuss every piece of evidence, particularly when dealing with an extensive and multi-faceted record.").
[91] R. Doc. 15 at pp. 7-10.
[92] *Id.* at p. 8.
[93] *Id.* at pp. 7-12.
[94] Tr. at pp. 19-23.
[95] *Heck*, 674 Fed. App'x at 415.
[96] Tr. at p. 23.

12

"The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation."[97] "The ALJ is required only to review the entire record, resolve conflicts in the evidence and state specific reasons for her credibility findings, supported by the evidence."[98] This is precisely what the ALJ did in his analysis of the severity of Plaintiff's alleged impairments. Substantial evidence supports the ALJ's decision.[99]

### IV. The ALJ did not commit an error by failing to specifically mention certain of Plaintiff's psychiatric treatment records when considering the severity of Plaintiff's mental impairments.

Plaintiff's second objection relates to the ALJ's failure to mention certain evidence and the ALJ's weighing of evidence during his analysis of the severity of Plaintiff's mental impairments.[100] Particularly, Plaintiff notes the ALJ's failure to mention Dr. Wells' treatment notes from Plaquemines Parish Medical Center and the ALJ's dismissal of Dr. Sentell's opinion as inconsistent with other evidence.[101] Plaintiff also argues it is unremarkable that Plaintiff's progress notes from December 19, 2018, September 11, 2019, and December 15, 2020,[102] show that Plaintiff did not have depression because these notes are from Plaintiff's OBGYN, and Plaintiff may not have discussed depression with her OBGYN.[103]

---

[97] *Miles v. Kijakazi*, No. 23-7327, 2025 WL 39790, at *2 (E.D. La. Jan. 7, 2025) (quoting *Hunt v. Astrue*, No. 12-244, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013)).
[98] *Goldenberg v. Colvin*, No. 13-291, 2014 WL 582801 (E.D. La. Feb. 13, 2014) (first citing *Luckey v. Astrue*, 458 Fed. App'x 322, 324 (5th Cir. 2011); then *Giles*, 433 Fed. App'x at 249; and then *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).
[99] This is true regardless of the arguments Plaintiff makes regarding the magistrate judge's substitution of his reasoning for that of the ALJ's. R. Doc. 15 at pp. 7, 9.
[100] *Id.* at pp. 13-17.
[101] *Id.* at pp. 13, 15-16.
[102] Tr. at pp. 21, 471, 476, 557, 562, 610.
[103] R. Doc. 15 at p. 16.

13

The Court overrules Plaintiff's second objection for the same reasons it overrules her first. As explained above, "[t]he ALJ does not need to comment on every piece of evidence, but only must build an accurate and logical bridge between the evidence and the final determination."[104] The ALJ stated that he made his decision "[a]fter careful consideration of the evidence of record."[105] "The ALJ engaged all of the relevant evidence, made credibility determinations, and explained reasons for discounting some of the evidence in the record."[106] The Court "will not second guess these determinations on appeal."[107]

Furthermore, the magistrate judge is correct that even if the ALJ did not discuss Dr. Wells' notes in his decision, the State agency consultants, which the ALJ found to be persuasive, did.[108] Just because the ALJ did not *discuss* every piece of evidence in the record does not mean that the ALJ did not *consider* every piece of evidence in the record. Additionally, the ALJ's decision is not reversible just because Plaintiff disagrees with the ALJ's weighing and interpretation of evidence.

In sum, the ALJ did not commit an error by failing to mention certain evidence when evaluating the severity of Plaintiff's mental impairments. The ALJ's decision is supported by substantial evidence.

---

[104] *Price v. Astrue*, 401 Fed. App'x 985, 986 (5th Cir. 2010) (per curiam) (citing *Glomski v. Massanari*, 172 F. Supp. 2d 1079, 1082 (E.D. Wis. 2001)).
[105] Tr. at p. 17; *see also Hammond v. Barnhart*, 124 Fed. App'x 847, 851 (5th Cir. 2005) ("The ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it, and the ALJ's decision states explicitly that he considered the entire record in his decision.").
[106] *Price*, 401 Fed. App'x at 987.
[107] *Id.*
[108] R. Doc. 14 at p. 16; Tr. at pp. 58-61, 64-66.

## CONCLUSION

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation, finds the magistrate judge's findings of fact and conclusions of law are correct and approves the Report and Recommendation and **ADOPTS** it as its opinion in this matter.[109] Accordingly;

**IT IS ORDERED** that Plaintiff's Complaint[110] is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 22nd day of May, 2025.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[109] R. Doc. 14.
[110] R. Doc. 1.